MARIA RODRIGUEZ (SBN 194201)
mcrodriguez@mwe.com
CHRISTOPHER BRAHAM (SBN 293367)
cbraham@mwe.com
ASHLEY ATTIA (SBN 311779)
aattia@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA  90067-3206
Telephone:  +1 310 277 4110
Facsimile:   +1 310 277 4730

Attorneys for Defendant
CIRCLE K STORES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELISE MEDINA, on behalf of herself and the Class members, | CASE NO. |
| Plaintiff, | **DEFENDANT CIRCLE K STORES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** |
| v. | |
| CIRCLE K STORES, INC., a Texas corporation; and DOES 1 through 100, inclusive, | Complaint Filed:    January 13, 2022 |
| Defendants. | |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CIRCLE K STORES, INC. ("Circle K" or "Defendant"), by and through its attorneys of record, hereby removes the above-entitled action pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1332(d)(2).

This Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). The alleged amount in controversy exceeds $5,000,000, exclusive of interests and costs, there are at least one thousand eight hundred putative class members, and at least one plaintiff is a citizen of a different state than at least one of the defendants, as discussed further below.

It is undisputed that Elise Medina ("Ms. Medina") signed an arbitration agreement with a class action waiver. To date, Medina refuses to dismiss her class claims and submit her individual claim to arbitration or provide Circle K with a legitimate explanation for her refusal. Circle K intends to immediately file a motion to compel arbitration in order to compel Medina to submit her individual claims to arbitration in accordance with her agreement with Circle K.

## PROCEDURAL SUMMARY

1.     On or about January 13, 2022, Medina commenced an action against Circle K in the Superior Court of California, County of San Bernardino, in her complaint entitled *Elise Medina vs. Circle K Stores, Inc., and DOES 1 – 100, inclusive*, case number CIVB2200288 ("Complaint").

2.     Medina served Circle K with the Summons and Complaint on March 3, 2022 through Circle K's registered agent for service of process, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, triggering a thirty (30) day timeframe within which Circle K was to respond to the Complaint. Cal. Civ. Proc. Code § 412.20(a)(3). Attached as **Exhibit A** is a true and correct copy of the Complaint. That same day Medina also served Circle K with the Summons, Civil Case

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

Cover Sheet, and Certificate of Assignment, which comprises all other documents that have been filed or served by Medina in this case. *See* **Exhibit B** for true and correct copies of the Summons and all other papers Medina served on Circle K.

## BASIS FOR JURISDICTION

3.     This Court has original jurisdiction over this action on the basis of CAFA. At least one class member, Ms. Medina, is a citizen of a state different from that of any one defendant, Circle K. The proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Therefore, the action is removable pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A). Furthermore, no defendant identified in the Complaint is a state, officer of a state, or a government agency. 28 U.S.C. § 1332(d)(5).

## THE PARTIES' DIVERSITY OF CITIZENSHIP

4.     At all relevant times, Ms. Medina is and has been a citizen and resident of the State of California in San Bernardino, California.

5.     At all relevant times, Circle K has been a citizen of the State of Texas and Arizona within the meaning of 28 U.S.C. § 1332(c)(1), because it is now and was at all material times incorporated under the laws of the State of Texas and maintained its principal place of business in the State of Arizona. To be clear, Tempe, Arizona is the site of Circle K's corporate headquarters and Circle K's core executive and administrative functions are directed from Tempe, Arizona. Accordingly, Circle K's principal place of business is in Arizona under the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

6.     Pursuant to 28 U.S.C. § 1441(b)(1), all potential "Doe" defendants shall be disregarded for purposes of removal. To that end, there are no allegations in the Complaint with respect to any potential "Doe" defendants and therefore said "Doe" defendants are too vague to identify or to determine their relationship to the claims. (**Exhibit A**, Complaint).

DEFENDANT CIRCLE K STORES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

7.     Thus, under CAFA, diversity of citizenship exists between Ms. Medina and one named defendant, Circle K.

## NUMEROSITY OF CLASS MEMBERS

8.     Although the Complaint does not allege a specific number of class members, it defines one class as "all current and former hourly, non-exempt workers employed by Defendant throughout California from January 1, 2021 until the resolution of the action…who were and are being harmed by Defendant's actions as described herein during the class period…" (**Exhibit A**, Complaint, ¶ 1).

9.     Since January 1, 2021, Circle K has employed approximately1,800 non-exempt employees in the State of California at all material times. Specifically, on January 1, 2021 Circle K employed 1,860 non-exempt employees in California. As of January 1, 2022 Circle K employed 1,838 non-exempt employees in California. Therefore, the total number of class members is well in excess of 100.

## THE AMOUNT IN CONTROVERSY

10.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Circle K is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). A defendant can establish the amount in controversy by the allegations in the complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by the plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198.[1]

---

[1] A notice of removal need only provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because § 1446 tracks Rule 8's liberal pleading standard, a notice of removal need only allege the grounds plausibly and need not be supported by evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by

DEFENDANT CIRCLE K STORES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

11.    In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

12.    Ms. Medina does not pray for a specific dollar amount in her Complaint. When the amount in controversy is not readily apparent from the complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer*, 116 F.3d at 377 (9th Cir. 1997)). Statutory penalties may be considered by the Court when determining the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000). The Court should also include requests for attorneys' fees in determining the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona*, LLC, 899 F.3d 785, 794 (2018) (holding that "future attorneys' fees should be included in the amount in controversy.").

13.    Circle K denies Ms. Medina's claims in their entirety and asserts that Medina's claims are not amenable to class treatment, but provides the following analysis of potential damages, without admitting liability, in order to demonstrate that Ms. Medina's Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d).

14.    In this case, the collective average hourly pay rate for all putative class members during the class period has been at least $15.00 per hour.

///

_____

§ 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); *see also Roa v. TS Staffing Servs., Inc.*, Case No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) ("The 'short and plain statement' language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy requirement.").

DEFENDANT CIRCLE K STORES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

15.    Ms. Medina's first cause of action is for failure to provide meal periods or premium pay in lieu thereof. Ms. Medina alleges that "Plaintiff and Class members were _frequently forced_ to take their meal breaks at least 20 minutes after the end of their fifth hour of work, often later." (**Exhibit A**, Complaint, ¶ 14) (emphasis added). Based on Ms. Medina's contention that Circle K "frequently forced" class members to work through meal periods, Circle K will apply a reasonable violation rate of only three violations per week (i.e. – 60% violation rate) to this claim.

16.    Based on a putative class size of at least 1,800 putative class member employment load at all material times during the proposed 65 workweek class period to date at an average hourly rate of pay of $15.00, Ms. Medina's first cause of action for meal periods implicates at least $5,265,000 in controversy (average hourly pay rate of $15.00/hr x 1800 putative class members x 65 workweeks x 3 violations per week).

17.    Ms. Medina's second cause of action for failure to pay minimum wages alleges that "Defendant regularly failed to pay Plaintiff and Class members all compensation due…[Specifically,] Defendant required Plaintiff and Class members to clean up counters and throw away trash after clocking out at the end of their shift. It took Plaintiff and Class members at least five (5) minutes to clean up counters and throw away trash after each shift." (**Exhibit A**, Complaint, ¶55.) Thus, based on an average pay rate of $15.00, and assuming the 1,800 putative class members worked five (5) days per each of the 65 workweeks, potential liability for this single allegation amounts to approximately $731,250.00 (five (5) minutes per day x five (5) days per week x sixty-five (65) work weeks x $15.00 per hour x 1,800 putative class members).

18.    Although Circle K denies that any amounts are due to any putative class members (or even that there is a valid class to be certified), the aggregate of the calculations above amounts to $5,996,250 which is well above the $5,000,000 amount in controversy threshold necessary for CAFA jurisdiction. This amount is satisfied without even addressing Ms. Medina's other causes of action or her claimed

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

entitlement to liquidated damages and attorneys' fees. Therefore, removal is appropriate and proper.

## COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL

19.    In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court. Under Section 1446(b), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise." Ms. Medina served the Summons and Complaint on March 3, 2022, upon Circle K through Circle K's registered agent for service of process, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service.

20.    Pursuant to 28 U.S.C. § 1441(a), the United States District Court, Central District is the proper venue for this removal, because the Complaint was filed in San Bernardino, which is within the boundaries of the Central District of California.

21.    In accordance with 28 U.S.C. § 1446(d), Circle K will provide written notice of the filing of this Notice of Removal to counsel of record for Ms. Medina, and a Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of the State of California, County of San Bernardino.

22.    If any question arises as to the propriety of the removal of this action, Circle K respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

23.    By removing this action to this Court, Circle K does not waive any defenses, objections or motions available to them under state or federal law.

///

///

///

///

///

///

///

DEFENDANT CIRCLE K STORES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

WHEREFORE, Circle K respectfully requests that these proceedings be removed to this Court.

Dated: April 1, 2022                    **MCDERMOTT WILL & EMERY LLP**

By:    */s/Ashley Attia*
       MARIA RODRIGUEZ
       CHRISTOPHER BRAHAM
       ASHLEY ATTIA
       Attorneys for DEFENDANT CIRCLE K
       STORES, INC.

DEFENDANT CIRCLE K STORES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

# EXHIBIT A

Carolyn H. Cottrell (SBN 166977)
Esther L. Bylsma (SBN 264208)
Brian G. Lee (SBN 300990)
Frank A. Perez (SBN 305832)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com
blee@schneiderwallace.com
fperez@schneiderwallace.com

Attorneys for Plaintiffs

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 3 2022

BY _____
PAULETTE RODRIGUEZ, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

ELISE MEDINA, on behalf of herself and the Class members,

Plaintiff,

v.

CIRCLE K STORES INC., a Texas corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No. CIVSB2200288

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**

(1) **FAILURE TO PROVIDE MEAL PERIODS OR PREMIUM PAY (LABOR CODE § 226.7 AND 512);**

(2) **FAILURE TO PAY MINIMUM WAGES (LABOR CODE §§ 1182.11, 1182.12, 1194, 1197, AND 1197.1);**

(3) **FAILURE TO PAY OVERTIME WAGES (LABOR CODE § 510);**

(4) **FAILURE TO PROVIDE SUITABLE AND ADEQUATE SEATING (LABOR CODE § 1198);**

(5) **FAILURE TO REIMBURSE BUSINESS EXPENDITURES (LABOR CODE § 2802);**

(6) **FAILURE TO PROVIDE TIMELY AND ACCURATE ITEMIZED WAGE STATEMENTS (LABOR CODE § 226);**

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(7) **WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**

(8) **UNLAWFUL BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*);**

(9) **FAILURE TO FURNISH PLAINTIFF'S RECORDS (LABOR CODE §§ 1198.5, 432, AND 226).**

**DEMAND FOR JURY TRIAL**

2

Plaintiff Elise Medina ("Plaintiff" or "Medina"), by her attorneys, allege upon information and belief, except for her own acts, which are alleged on knowledge, as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against Circle K Stores, Inc. ("Defendant" or "Circle K") individually and on behalf of all current and former hourly, non-exempt workers employed by Defendant throughout California from January 1, 2021 until the resolution of this action (the "Class Period"), who were and are being harmed by Defendant's actions as described herein during the Class Period (the "Class"). Circle K is a convenience store and gas station chain that has stores throughout the United States and California. Medina was a nonexempt, hourly employee for Defendant from May 2021 to October 2021.

2.      During the Class Period, Circle K maintained and engaged in unlawful Class-wide policies and practices in violation of the California Labor Code, Industrial Welfare Commission ("IWC") Wage Order No. 7-2001, and California Business and Professions Code §§ 16600 & 17200 *et seq*. Circle K:

(a)      failed to provide compliant meal periods, or premium payments in lieu thereof, to Plaintiff and Class members;

(b)      failed to pay Plaintiff and Class members minimum wages;

(c)      failed to pay Plaintiff and Class members overtime wages;

(d)      failed to provide Plaintiff and Class members adequate/suitable seats;

(e)      failed to reimburse Plaintiff and Class members for necessary business expenditures;

(f)      failed to timely pay Plaintiff and Class members full wages owed upon termination or resignation;

(g)      failed to provide Plaintiff and Class members accurate, itemized wage statements; and

(h)      required Plaintiff and Class members to enter into unlawful arbitration agreements as a condition of employment.

3.      Circle K also failed to comply with Plaintiff's written request for her employment records in violation of the California Labor Code.

4.      Plaintiff seeks full compensation on behalf of herself and Class members for all unpaid

1

wages, owed premium payments, owed reimbursements, penalties, and other relief described below.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over Plaintiff's claims pursuant to the California Labor Code and Business and California Business and Professions Code. The Court also has jurisdiction over Defendant because Defendant is a corporation that does business throughout the state of California.

6.    Venue is proper in this County pursuant to Code of Civil Procedure §§ 395(a) and/or 395.5. Defendant conducts business, has jobsites, and employs putative Class members in this County, and as a result, the causes of action asserted arose in whole or in part in this County.

## PARTIES

7.    Plaintiff Medina is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the state of California.

8.    Defendant Circle K is a Texas corporation, registered to do business and doing business in California.[1]  Circle K may be served with process by serving its registered agent, CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 9583.[2]

## FACTUAL ALLEGATIONS

9.    Circle K is a convenience store and gas station chain that owns, operates, and/or manages stores throughout the United States. Circle K has approximately 441 locations in California. Circle K employs thousands of employees in California.

10.    Plaintiff is a former employee of Circle K. Plaintiff worked for Circle K from May 2021 to October 2021 in Victorville, California. Plaintiff worked as a customer service representative. Plaintiff was compensated at an hourly rate of $14.00. Plaintiff worked at least eight hours per shift, four to six shifts per week, or approximately 32 to 48 hours per week.

11.    During the Class Period, Defendant conducted business under the laws of California, maintained and operated places of business in California, including in this County, and employed Class members in this County. Defendant is a "person" as defined in Labor Code § 18 and Business and

---

[1] https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=00498213-31552584

[2] https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=01592199-29969131

Professions Code § 17201. Defendant is also an "employer" as that term is used in the IWC Wage Order No. 7-2001.

12.    Class members were employed by Defendant throughout California, including in this County, and performed work materially similar to Plaintiff. Plaintiff and Class members reported to a facility owned, operated, or managed by Defendant to perform their jobs. Plaintiff and Class members performed their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant. Defendant paid Plaintiff and Class members on an hourly rate basis. At the end of each pay period, Plaintiff and Class members received wages from Defendant that were determined by common systems and methods that Defendant selected and controlled.

13.    Class members were required to follow and abide by common work, time, pay, meal break, and business reimbursement policies and procedures in the performance of their jobs and duties. The policies and practices of Defendant have during the Class Period been similar for Plaintiff and Class members.

14.    As a matter of common policy and/or practice, Defendant failed to provide timely, compliant meal breaks to Plaintiff and Class members. Defendant failed to provide breaks by the required hour of work. Plaintiff and Class members were frequently forced to take their meal breaks at least 20 minutes after the end of their fifth hour of work, often later.

15.    In addition, Defendant: (i) failed to provide breaks that relieved Plaintiff and Class members of all duty; (ii) failed to provide breaks that relinquished Defendant's control over the activities of Plaintiff and Class members; (iii) failed to provide Plaintiff and Class members a reasonable opportunity to take uninterrupted breaks for the full required period; and (iv) impeded and discouraged Plaintiff and Class members from taking timely and compliant breaks.

16.    Under the Labor Code and the applicable IWC Wage Order, Defendant was required to pay premium wages to Plaintiff and Class members for failures to provide compliant meal breaks. Defendant did not provide premium wages to Plaintiff and Class members in lieu of non-compliant meal breaks.

17.    In addition, as a matter of common policy and/or practice, Defendants failed to provide Plaintiff and Class members timely compensation due for all hours worked, including minimum wage

3

1 | and overtime. Defendants routinely required Plaintiff and Class members to perform unrecorded and
2 | uncompensated work.

3 |      18.    For instance, Plaintiff and Class members were required to clean up counters and throw
4 | away trash *after* clocking out at the end of their shift. It took Plaintiff and Class members at least five
5 | (5) minutes to clean up counters and throw away trash after each shift.

6 |      19.    Defendant caused and was aware that Plaintiff and Class members were working off-the-
7 | clock. Plaintiff and Class members were not provided with minimum wage compensation or overtime
8 | pay for their off-the-clock work. The time spent working while off-the-clock went unrecorded and
9 | uncompensated even though it should have been compensated at minimum wage and/or overtime rates
10 | under California law, giving rise to minimum wage and overtime violations. Defendant's common
11 | policy/practice of not compensating employees for all hours worked resulted in Class members
12 | performing unpaid and unrecorded work for the benefit of Defendant.

13 |      20.    In addition, as a matter of common policy and/or practice, Defendant failed to provide
14 | Plaintiff and Class members suitable seats and/or an adequate number of suitable seats in reasonable
15 | proximity to the work area, and did not permit Plaintiff and Class members to use such seats even where
16 | it did not interfere with the performance of their duties.

17 |      21.    In addition, as a matter of common policy and/or practice, Defendant failed to provide
18 | Plaintiff and Class members reimbursement for all necessary expenditures or losses incurred by
19 | Plaintiff and Class members in direct consequence of the discharge of their duties, or as a result of their
20 | obedience to the directions of Defendant. Defendant systematically required Plaintiff and Class
21 | members to utilize their cell phones in performance of their work duties, including to respond to work-
22 | related text messages from their managers and/or supervisors. Defendant did not reimburse Plaintiff
23 | and Class members for such expenses.

24 |      22.    Defendant's failure to pay Plaintiff and Class members minimum wages and overtime
25 | compensation for off-the-clock work, as well as failure to provide premium pay for non-compliant meal
26 | periods and unreimbursed business expenses, results in a failure to provide accurate itemized wage
27 | statements as required by California law to Plaintiff and Class members. The wage statements
28 | Defendant provides are not accurate because they do not reflect the actual amount of compensation

1    owed to Plaintiff and Class members.

2        23.    Further, Defendants failed to provide Plaintiff and Class members who are former

3    employees, with full payment of all wages owed upon separation from employment. At the time their

4    employment ended, Plaintiff and Class members were owed wages for all time worked, including

5    overtime, premium pay for non-complaint meal and rest periods, and reimbursement for business

6    expenditures, whether their termination was voluntary or involuntary. Defendants failed to provide

7    Plaintiff and Class members with such owed compensation within the required time period.

8        24.    Further, Defendants required Plaintiff and Class members to enter into unlawful

9    arbitration agreements as an express condition of employment.  These arbitration agreements purport

10    to prohibit Plaintiff and Class members from filing and pursuing a civil action or complaint in violation

11    of the Labor Code as well as California Business and Professions Code §§ 16600 & 17200 *et seq.*

12        25.    Defendants are aware that their policies and practices have deprived Plaintiff and Class

13    members of substantial pay for all time worked, that Plaintiff and Class members do not receive legally

14    compliant meal periods or premium pay for such non-complaint meal periods, and that Plaintiff and

15    Class members are not reimbursed for business expenditures. Thus, Defendant's denial of wages,

16    compliant meal and rest periods, premium pay for non-complaint meal and rest periods, and

17    reimbursement for business expenditures to Plaintiff and Class members, is and/or was deliberate and

18    willful.

19        26.    Defendant's conduct caused significant damages to Class members in an amount to be

20    determined at trial.

21                            **CLASS ACTION ALLEGATIONS**

22        27.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

23    herein.

24        28.    Plaintiff brings causes of action as a class action on behalf of herself and all others

25    similarly situated pursuant to Civil Code of Procedure § 382. The Class is defined as: all current and

26    former hourly, non-exempt workers employed by Defendant throughout California during the Clas

27    Period, who were and are being harmed by Defendant's actions as described herein, during the Class

28    Period.

29.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

30.    <u>Numerosity</u>: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class members well exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

31.    <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

(a)    Whether Defendant has a policy and/or practice of requiring Class members to be in the control of, spend time primarily for the benefit of, and work for Defendant off-the-clock and without compensation;

(b)    Whether Defendant fails to compensate Class members for all hours worked, including as minimum wages, in violation of the Labor Code and applicable IWC Wage Order;

(c)    Whether Defendant fails to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members in violation of the Labor Code and applicable IWC Wage Order;

(d)    Whether Defendant fails to authorize and permit, make available, and/or provide Class members with timely meal periods to which they are entitled, in violation of the Labor Code and applicable IWC Wage Order;

(e)    Whether Defendant fails to provide premium payment in lieu of non-compliant meal periods, in violation of the Labor Code and applicable IWC Wage Order;

(f)    Whether Defendant failed to provide Plaintiff and Class members suitable seats and/or

6

1    an adequate number of suitable seats in reasonable proximity to the work area, in violation of the Labor

2    Code the applicable IWC Wage Order;

3        (g)    Whether Defendant fails to fully reimburse Class members with all necessary business

4    expenses made for the benefit of Defendant, in violation of the Labor Code;

5        (h)    Whether Defendant fails to timely pay Class members for all wages owed upon

6    termination of employment in violation of the Labor Code;

7        (i)    Whether Defendant fails to provide Class members with timely, accurate itemized wage

8    statements in violation of the Labor Code;

9        (j)    Whether Defendant violates Business and Professions Code §§ 16600 & 17200 *et seq.*,

10    by:

11            (i)    failing to compensate Plaintiff and Class members for all hours worked, including

12    at minimum wage and as overtime compensation;

13            (ii)    failing to authorize and permit, make available, and/or provide Plaintiff and Class

14    members with timely meal periods to which they are entitled, and failing to provide premium pay for

15    any noncompliant meal periods;

16            (iii)    failing to provide Plaintiff and Class members adequate and suitable seating;

17            (iv)    failing to fully reimburse Plaintiff and Class members for all necessary business

18    expenses made for the benefit of Defendant;

19            (v)    failing to pay Plaintiff and Class members for all wages owed upon separation of

20    employment;

21            (vi)    failing to provide Plaintiff and Class members with timely, accurate itemized

22    wage statements;

23            (vii)    requiring Plaintiff and Class members to enter into unlawful arbitration

24    provisions as a condition of employment;

25        (k)    Whether injunctive relief is appropriate with respect to Defendant's actions towards the

26    Class members as a whole; and

27        (l)    The proper formula for calculating damages, restitution, and penalties owed to Plaintiff

28    and the Class as alleged herein.

32.    Typicality: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

33.    Adequacy of Representation: Plaintiff seeks relief for state law violations perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

34.    Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

35.    In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

36.    If each individual Class member was required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial and legal resources.

37.    Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Failure to Provide Meal Periods or Premium Pay in Lieu Thereof**
**Pursuant to Labor Code §§ 226.7 and 512**
**(On Behalf of the Class)**

38.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

39.   Labor Code § 512(a) provides:

> An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

40.   Labor Code § 226.7(c) provides:

> (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

41.   IWC Wage Order 7-2001, Section 11 provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

> (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

> (C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

9

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

42.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

43.    In violation of Labor Code §§ 226.7, 512, 1198, and IWC Wage order 7-2001, Defendant regularly failed to authorize and permit and/or make available to Plaintiff and the Class timely, compliant meal periods to which they are entitled. Defendant also failed to pay Plaintiff and the Class one additional hour of pay at the employee's regular rate of compensation for each workday that a compliant meal period was not provided.

44.    Pursuant to Labor Code § 226.7 and IWC Wage order 7-2001, Plaintiff and the Class are entitled to recover from Defendant an additional hour of pay at their regular rates of pay for each work day that a required meal period was not provided.

45.    As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial. Plaintiff and the Class are also entitled to recover penalties, interest, attorneys' fees, expenses, costs of suit, and/or other relief pursuant to statute. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wages
### Pursuant to Labor Code §§ 204, 1182.12, 1194, 1197.1, 1198
### (On Behalf of the Class)

46.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

47.    California Labor Code § 204(a) requires employers to pay twice during each calendar month all wages earned by any employee.

48.    California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

49.     California Labor Code § 1182.12 sets forth the minimum wages for all industries, including the following amounts for any employer who employes 26 or more employees: (i) "From January 1, 2021, to December 31, 2021, inclusive,—fourteen dollars ($14) per hour"; and (ii) "From January 1, 2022, and until adjusted by subdivision (c)—fifteen dollars ($15) per hour."

50.     IWC Wage Order 7-2001, Section 4 sets forth the minimum wages, including the following amounts for any employer who employes 26 or more employees: (i) "Fourteen dollars ($14.00) per hour for all hours worked, effective January 1, 2021"; and (ii) "Fifteen dollars ($15.00) per hour for all hours worked, effective January 1, 2022.".

51.     California Labor Code §1194 provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

52.     California Labor Code §1194.2(a) provides:

> In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation. A suit may be filed for liquidated damages at any time before the expiration of the statute of limitations on an action for wages from which the liquidated damages arise.

53.     California Labor Code §1197.1(a) provides:

> (a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

> (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

> (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the

11

employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.suit.

54.    California Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violates Wage Orders, including Wage Order 7-2001.

55.    Defendant regularly failed to pay Plaintiff and Class members all compensation due in violation of the above. This failure was caused by and through Defendant's common policy and/or practice of requiring Plaintiff and Class members to perform unrecorded and uncompensated work. Defendant required Plaintiff and Class members to clean up counters and throw away trash after clocking out at the end of their shift. It took Plaintiff and Class members at least five (5) minutes to clean up counters and throw away trash after each shift. In addition, Defendant failed to pay Plaintiff and Class members at least minimum wage for compensation owed in connection with meal period premiums and final wages after the end of employment.

56.    As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and Class members have been deprived of wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

57.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Compensation**
**Pursuant to Labor Code §§ 510, 1194, 1197.1, 1198**
**(On Behalf of the Class)**

58.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

59.    California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to

12

California's overtime requirements.

60.    Labor Code § 510 provides, in pertinent part, that:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

61.    The IWC Wage Order 7-2001(3)(A)(1) state:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . .

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

62.    California Labor Code §1194 provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

63.    California Labor Code §1197.1(a) provides:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

13

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.suit.

64.    California Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violates Wage Orders, including Wage Order 7-2001.

65.    Defendants regularly do not compensate Plaintiff and Class members for their overtime hours. Plaintiff and Class members are not compensated for time spent working cleaning up and throwing away trash at the end of shift, in excess of eight (8) hours per day and forty (40) hours per week.

66.    Plaintiff and Class members have worked overtime hours for Defendant without being paid overtime premiums in violation of the Labor Code, IWC Wage Order 7-2001, and other applicable law.

67.    Defendants have knowingly and willfully refused to perform their obligation to provide Plaintiff and Class members with premium wages for all overtime work.

68.    As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial. Plaintiff and the Class are also entitled to recover penalties, interest, attorneys' fees, expenses, costs of suit, and/or other relief pursuant to statute. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### Failure to Provide Suitable and Adequate Seating
### Pursuant to Labor Code § 1198
### (On Behalf of the Class)

69.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

14

70. IWC Wage Order 7-2001, Section 14 provides:

(A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

(B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

71. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

72. In violation of Labor Code §1198, and IWC Wage order 7-2001, Defendant regularly failed to provide suitable and adequate seating to Plaintiff and the Class.

73. As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial. Plaintiff and the Class are also entitled to recover penalties, interest, attorneys' fees, expenses, costs of suit, and/or other relief pursuant to statute. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Reimburse for Necessary Business Expenses**
**Pursuant to Labor Code § 2802**
**(On Behalf of the Class)**

74. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

75. Labor Code § 2802 provides, in relevant part:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. ... For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

76. Defendant regularly required Plaintiff and Class members to use their personal cell phones for work related calls and messages. Defendant did not reimburse Plaintiff and the Class members for these necessary expenditures or losses incurred by Plaintiff and Class members.

15

77.    Defendant is liable to Plaintiff and Class members for the unreimbursed expenses and penalties, with interest thereon.

78.    As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial. Plaintiff and the Class are also entitled to recover penalties, interest, attorneys' fees, expenses, costs of suit, and/or other relief pursuant to statute. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

79.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

80.    Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

81.    IWC Wage Order 7-2001, Section 7, establishes similar wage statement requirements.

82.    Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

16

occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

83.    Defendant failed to provide timely, accurate itemized wage statements to Plaintiff and Class members in accordance with Labor Code § 226(a) and IWC Wage Order 7-2001. The wage statements Defendant provided to Plaintiff and Class members do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned. Defendant's actions caused, among other things, impediment to Plaintiff and Class members from knowing the amount of wages to which they were and are entitled, and the costs necessary for Plaintiff and Class Members to calculate the correct net wages for each pay period and the amount of employment taxes that were not paid to state and federal tax authorities.

84.    Defendant is liable to Plaintiff and Class members for "the greater of all actual damages" or, "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)."

85.    As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial. Plaintiff and the Class are also entitled to recover penalties, interest, attorneys' fees, expenses, costs of suit, and/or other relief pursuant to statute. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Waiting Time Penalties**
**Pursuant to Labor Code §§ 201-203**
**(On Behalf of the Class)**

86.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87.    Labor Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

88.    Labor Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours

17

thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

89. Labor Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

90. Defendant failed to provide Class members who are former employees ("Former Employees") with their wages when due under California law after their employment with Defendant ended. Plaintiff and Former Employees left their employment with Defendant during the Class Period, at which time Defendant owed them unpaid wages.

91. Defendant willfully refused and continues to refuse to pay Plaintiff and Former Employees all the wages that are due and owing to them upon the end of their employment.

92. Defendant's willful failure to pay Plaintiff and Former Employees the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to for all penalties owing pursuant to Labor Code § 203, plus interest and other statutory relief as allowed.

93. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§ 16600 & 17200, *et seq.*
### (On Behalf of the Class)

94. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

95. Business and Professions Code § 16600 provides:

Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.

96. Business and Professions Code § 17200 provides:

As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

97. Business and Professions Code § 17203 provides:

18

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

98.     Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action.

99.     Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

100.     Beginning at an exact date unknown to Plaintiff, but at least since the beginning of the Class Period, Defendant has committed acts of unfair competition, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

(a)     violations of Labor Code § 226.7 and Wage Order 7-2001 pertaining to meal periods;

(b)     violations of Labor Code §§ 204, 1182.12, 1194, 1197.1 regarding payment of all minimum wages due;

(c)     violations of Labor Code §§ 510, 1194, 1197.1 regarding payment of all overtime compensation due;

(d)     violations of Labor Code § 1198 and Wage Order 7-2001 pertaining to suitable and adequate seating;

(e)     violations of Labor Code § 2802 pertaining to reimbursement of business expenditures;

(f)     violations of Labor Code § 226 regarding accurate, timely itemized wage

19

1    statements; and

2        (g)    violations of Labor Code §§ 201-203 pertaining to waiting time penalties.

3    101.    The violations of these laws and regulations, as well as of the fundamental California

4    public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business

5    and Professions Code § 17200 *et seq.*

6    102.    The acts and practices described above constitute unfair, unlawful and fraudulent

7    business practices, and unfair competition, within the meaning of Business and Professions Code §§

8    17200 et seq. Among other things, the acts and practices have taken compensation from Plaintiff and

9    the Class members rightfully owed to them, while enabling Defendant to gain an unfair competitive

10    advantage over law-abiding employers and competitors.

11    103.    In addition, Defendant required Plaintiff and other Class members to enter into unlawful

12    arbitration agreements as an express condition of employment.

13    104.    Labor Code § 432.5 provides:

14        No employer, or agent, manager, superintendent, or officer thereof, shall require any
15        employee or applicant for employment to agree, in writing, to any term or condition
16        which is known by such employer, or agent, manager, superintendent, or officer
        thereof to be prohibited by law.

17    105.    Labor Code § 432.6 provides:

18        (a) A person shall not, as a condition of employment, continued employment, or the
        receipt of any employment-related benefit, require any applicant for employment or
19        any employee to waive any right, forum, or procedure for a violation of any
        provision of the California Fair Employment and Housing Act (Part 2.8
20        (commencing with Section 12900) of Division 3 of Title 2 of the Government Code)
        or this code, including the right to file and pursue a civil action or a complaint with,
21        or otherwise notify, any state agency, other public prosecutor, law enforcement
        agency, or any court or other governmental entity of any alleged violation.
22

23                                    * * *

        (h) This section applies to contracts for employment entered into, modified, or
24        extended on or after January 1, 2020.

25    106.    Thus, Defendants also violated Business and Professions Code §§ 16600 & 17200, *et*

26    *seq.* in connection with the unlawful arbitration agreements.

27    107.    Business and Professions Code § 17203 provides that a court may make such orders or

28    judgments as may be necessary to prevent the use or employment by any person of any practice which

constitutes unfair competition.

108.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid compensation which is due and payable to them.

109.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

110.    Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as other Class members. Plaintiff and Class members seek and are entitled to unpaid compensation, declaratory relief, and all other equitable remedies owing to them.

111.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

112.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**NINTH CAUSE OF ACTION**
**Penalties for Failure to Furnish Records Pursuant to Labor Code §§ 1198.5, 432, and 226**
**(On Behalf of Plaintiff)**

113.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

114.    California Labor Code § 1198.5(a) states that "[e]very current and former employee, or their representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." "The employer shall make the contents of those personnel records available for inspection . . . not later than 30 calendar days from the date the employer receives a written request" unless the

parties agree in writing to a date beyond 30 calendar days. Id. § 1198.5(b)(1). If an employer fails to permit an employee or their representative to inspect or copy personnel records within the time specified by § 1198.5, the employee may recover a penalty of $750 from the employer. Id. § 1198.5(k).

115. California Labor Code § 432 states: "If an employee or applicant signs any instrument relating to the obtaining or holding of employment, he [or she] shall be given a copy of the instrument upon request." Documents covered by § 432, including potential employment agreements, are also covered by § 1198.5.

116. California Labor Code § 226(c) states, in part: "An employer who receives a written or oral request to inspect or receive a copy of records [pertaining to a current or former employee's pay records] shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request." If the employer fails to comply with this written request for pay records within that 21-day time period "entitles the current or former employee . . . to recover a seven-hundred-fifty-dollar ($750) penalty from the employer." Id. § 226(f).

117. On November 15, 2021, Plaintiff, through her representative counsel, made a written request for his personnel files and records relating to his performance or to any grievance pursuant to Labor Code § 1198.5, any instrument signed by Plaintiff relating to obtaining or holding employment pursuant to Labor Code §432, and her payroll records pursuant to Labor Code § 226. Defendant failed to provide the requested employment records.

118. Accordingly, Plaintiff is entitled to recover $750 for Defendants' failure to make her personnel records available, and an additional $750 for Defendants' failure to make her payroll records available. Plaintiff is also entitled to injunctive relief and her reasonable attorneys' fees and costs pursuant to Labor Code § 1198.5(l).

119. Wherefore, Plaintiff requests relief as hereinafter provided.

///

///

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For the Court to declare, adjudge, and decree that Defendants have violated the California Labor Code as alleged herein;

2. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

3. For a declaratory judgment that Defendants has violated the California Labor Code, California law, and public policy as alleged herein;

4. For a declaratory judgment that Defendants has violated California Business and Professions Code §§ 16600 & 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code;

5. For appropriate injunctive and equitable relief, including an order enjoining Defendants from continuing their unlawful practices;

6. For an equitable accounting to identify, locate, and restore to all current and former employees the compensation they are due, with interest thereon;

7. For an order appointing counsel for Plaintiff as class counsel for the Class;

8. For an order awarding Plaintiff and putative Class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, treble damages, punitive damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

9. For an award of reasonable attorneys' fees as provided by the California Labor Code, including Labor Code § 2699(g)(1); California Code of Civil Procedure § 1021.5 and/or other applicable law;

10. For all costs of suit;

11. For interest on any damages and/or penalties awarded, as provided by applicable law; and;

23

12.     For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  January 13, 2022

SCHNEIDER WALLACE
COTRELL KONECKY

By: _____

Carolyn Cottrell
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated:  January 13, 2022

SCHNEIDER WALLACE
COTRELL KONECKY

By: _____

Carolyn Cottrell
Attorney for Plaintiff

CLASS ACTION COMPLAINT
*Elise Medina v. Circle K Stores, Inc.;  Case No. TBD*

# **<u>EXHIBIT B</u>**

From: Silvia Carter      Fax: 18553946767      To:          Fax: (909) 708-8586      Page: 32 of 32   02/28/2022 2:30 PM

# SUMMONS
## (CITACIÓN JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

CIRCLE K STORES INC., a Texas corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

ELISE MEDINA, on behalf of herself and the Class members,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 2 8 2022

BY _____
PAULETTE RODRIGUEZ, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: (El nombre y dirección de la corte es): San Bernardino District - Civil Division 247 West Third Street, San Bernardino, CA 92415 | CASE NUMBER: (Número del Caso): CIVSB 2200288 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Carolyn H. Cottrell, Esq.; Schneider Wallace Cottrell Konecky LLP; 2000 Powell Street, Ste 1400, Emeryville, CA; (415) 421-7100

| | | |
|---|---|---|
| DATE: (Fecha) 02/28/2022 | Clerk, by (Secretario) Paulette Rodriguez | Deputy (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Circle K Stores Inc., a Texas corporation

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

From: Silvia Carter    Fax: 18553846767    To:    Fax: (909) 708-8586    Page: 30 of 32    02/28/2022 2:30 PM

CM-010

| | FOR COURT USE ONLY |
|---|---|

Carolyn H. Cottrell (SBN 166977); Esther L. Bylsma (SBN 264208)
Brian G. Lee (SBN 300990); Frank A. Perez (SBN 305832)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400, Emeryville, CA 94608
TELEPHONE NO.: (415) 421-7100    FAX NO.: (415) 4217105
ATTORNEY FOR (Name): Plaintiff Elise Medina

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street,
MAILING ADDRESS: same
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino District - Civil Division

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 13 2022

BY _____
PAULETTE RODRIGUEZ, DEPUTY

CASE NAME:
Elise Medina v. Circle K Stores, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CIVSB2200288 |
| | | | | JUDGE: |
| | | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☑ Large number of separately represented parties    d. ☑ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 9: Failure to Provide Meal Periods or Premium Pay; etc.
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM 015.)

Date: 1/13/2022
Carolyn H. Cottrell
(TYPE OR PRINT NAME)    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

From: Silvia Carter          Fax: 18553946767          To:          Fax: (909) 708-8586          Page: 31 of 32     02/28/2022 2:30 PM

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*If the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

From: Silvia Carter    Fax: 18553846767    To:    Fax: (909) 708-8586    Page: 3 of 32    02/28/2022 2:30 PM

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Elise Medina

Case No.: CIVSB 2200288

vs.

**CERTIFICATE OF ASSIGNMENT**

Circle K Stores, Inc., et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _____ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General          ☐ Collection
**Nature of Action**        **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | Class Action |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Circle K Stores, Inc., et al.- Performed work within San Bernardino County   various locations
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                                         ADDRESS

Victorville                                    CA                         92301
CITY                                           STATE                      ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on January 13, 2022      at Emeryville
California.

_Signature of Attorney/Party_

Form # 13-16503-360                    CERTIFICATE OF ASSIGNMENT                    Rev. June 2019
Mandatory Use



# Alternative Dispute Resolution

**Superior Court of California – County of San Bernardino**

Alternate Dispute Resolution (ADR) provides an opportunity for parties to receive assistance reaching a resolution in their small claims, landlord tenant, civil, family law, probate case with a trained mediator.  The Inland Fair Housing and Mediation Board (IFHMB) provides in-person services for all case types listed above.   These services are available for the following court locations:

- San Bernardino Historic

- San Bernardino Justice Center

- Barstow

- Fontana

- Joshua Tree

Using ADR to resolve disputes can:

◊ Save time, since it can take a lot less time to work out and write up an agreement than go through a trial.

◊ Save money on attorney's fees, fees for expert witnesses and other expenses.

◊ More control over the outcome.  In ADR, parties participate more actively in creating a workable solution than leaving the decision up to a judge or a jury.  Also, it can create solutions that go beyond what the court can do.