MARIA RODRIGUEZ (SBN 194201)
mcrodriguez@mwe.com
CHRISTOPHER BRAHAM (SBN 293367)
cbraham@mwe.com
ASHLEY ATTIA (SBN 311779)
aattia@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

Attorneys for Defendant
CIRCLE K STORES, INC.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ELISE MEDINA, on behalf of herself and the Class members,

Plaintiff,

v.

CIRCLE K STORES, INC., a Texas corporation; and DOES 1 through 100, inclusive,

Defendants.

CASE NO.: 5:22-cv-00557-JGB-KK

Hon. Jesus G. Bernal
Ctrm.: 1

**DEFENDANT CIRCLE K STORES, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**

*[Filed concurrently with the Declaration of Chris Braham]*

Complaint Filed: January 13, 2022

# I. INTRODUCTION

Pursuant to the Court's January 2, 2024 Order, Defendant Circle K Stores Inc. ("Circle K") respectfully submits this Supplemental Brief on the issue of whether the legally valid Mutual Agreement to Arbitrate (the "Arbitration Agreement") that Plaintiff Elise Medina ("Ms. Medina") electronically signed encompasses the relevant dispute. The answer is obvious: it does.

This Action concerns claims arising out of Ms. Medina's employment with Circle K because the terms of the Arbitration Agreement explicitly say so. **The Arbitration Agreement states that it covers "*any claims arising from or relating to employment with [Circle K]*."** As such, this Action unequivocally falls within the scope of this the Arbitration Agreement. The Court can and should end its analysis here.

There certainly is no need for the Court to entertain the nonsensical argument that Ms. Medina previously asserted in her Opposition claiming that A.B. 51 renders this Action outside the scope of the Arbitration Agreement. A.B. 51 is irrelevant to a determination of what claims the Parties agree are arbitrable and fall within the scope of the Arbitration Agreement. The Ninth Circuit explicitly affirmed the same when it concluded that A.B. 51 was meant to only legislate pre-arbitration agreement behavior. Regardless, A.B. 51 is irrelevant for an even more fundamental reason: it is dead law. Last year, the Ninth Circuit ruled it is preempted by the FAA and earlier this month A.B. 51 was permanently enjoined. There can be no reasonable dispute that this law is irrelevant to the adjudication of the Court's inquiry. Nor can there be a dispute over whether Ms. Medina's prior contentions about the Arbitration Agreement being unconscionable have merit. They do not.

We would be remiss if we did not remind the Court that any dispute over whether this Action is within the scope of the Arbitration Agreement still mandates an order compelling arbitration. That is because the Arbitration Agreement clearly and

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

unmistakably delegates the adjudication of such gateway disputes for the arbitrator to resolve.

In sum, Ms. Medina cannot escape what she covenanted to do: she must arbitrate her claims. An order confirming the same must follow.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Circle K's Mutual Agreement To Arbitrate Claims And Ms. Medina's Assent To Be Bound By Its Terms

On May 18, 2021, Circle K hired Ms. Medina to serve as a customer service representative at its store in Victorville, California. Dkt. 8-2. Contrary to Ms. Medina's prior claim of being "pressured to quickly click through" onboarding documents, nobody pressured her to do anything: Ms. Medina was given an office to read and review Circle K's onboarding documents by herself and to go at her own pace. Declaration of Christopher Braham ("Braham Decl."), ¶ 2, Ex. A (Medina Deposition) at 39:23-41:17. As acknowledged in Ms. Medina's Complaint and in her deposition, the onboarding documents she reviewed and signed included Circle K's Arbitration Agreement. Complaint; Dkt. 41-2, 45. The Arbitration Agreement Ms. Medina signed provides in its relevant part:

- "Both Employee and Employer agree to resolve any claim or dispute covered by this Agreement through binding arbitration rather than through court litigation. Both Employer and Employee further agree that binding arbitration pursuant to this Agreement shall be the sole and exclusive remedy for resolving any covered claims or disputes."
- "**<u>Covered Claims</u>**. Claims and disputes covered by this Agreement include all claims by Employee against Employer (as defined below) and all claims that Employer may have against Employee, including, without limitation, ***any claims arising from or relating to employment with Employer*** or relating to the terms and conditions of

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

employment, job assignments, wages, benefits or other forms of compensation and/or separation from employment." Dkt. 8-2.

Upon execution of the Arbitration Agreement, Ms. Medina acknowledged she read and understood the Agreement, and had the opportunity to discuss the matter with a private attorney. *Id*. Ms. Medina remained employed at Circle K for just five months until her employment was terminated on October 5, 2021. *Id*.

**B. The Parties Litigate The Existence Of An Agreement To Arbitrate**

Ms. Medina filed this lawsuit against Circle K alleging that Circle K committed various wage and hour violations against her. (Complaint). Instead of submitting her claims to arbitration, Ms. Medina and her counsel drafted a declaration claiming – for the first time and despite admitting to signing the Arbitration Agreement in her Complaint – that Ms. Medina never signed the Arbitration Agreement. Dkt. 11-1. The Court took Ms. Medina at her word and denied Circle K's Motion to Compel Arbitration and Circle K's Motion for Reconsideration on the basis that Circle K did not establish that Ms. Medina's electronic signature on the Arbitration Agreement was authentic. Dkt. 14, 32. One of the main issues the Court expressed in its Orders was that Circle K did not prove by a preponderance of the evidence that no one could have had access to the Arbitration Agreement other than Ms. Medina. *Id*.

**C. The Court Finds that Ms. Medina Signed A Valid Arbitration Agreement And Ordered Supplemental Briefing Regarding the Scope Of The Arbitration Agreement**

The truth finally came out during Ms. Media's deposition when she admitted that she remembers creating a unique password for her Workday account, contrary to her prior attestation. Dkt. 41-2, 45. Critically, Ms. Medina also testified to creating that unique password ***before*** signing Circle K's employee handbook or completing any other Workday tasks. *Id*. Ms. Medina's own admission that she created a unique password ***prior*** to signing any documents prompted Circle K to file a Renewed Motion for Reconsideration. Dkt. 41. The Cout granted this motion, finding that a "valid

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

agreement to arbitrate was formed." Dkt. 45. The Court then ordered supplemental briefing regarding only the scope of the Arbitration Agreement and whether it encompasses this dispute. *Id*. The answer to the Court's inquiry is easy: the Arbitration Agreement unequivocally covers this dispute.

## III. LEGAL ARGUMENT

The Supreme Court recognizes a "liberal federal policy favoring arbitration." *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Further, the Supreme Court and Federal Arbitration Act ("FAA") make clear that "***any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration***, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983), *superseded by statute on other grounds*. This Action does not involve a close call: it is unequivocally a covered dispute that must be compelled to arbitration.

### A. The Arbitration Agreement Covers This Dispute

The Arbitration Agreement is unambiguous: it covers "any claims" arising out of Ms. Medina's employment with Circle K, including claims "relating to the terms and conditions of employment… wages, benefits or other forms of compensation and/or separation from employment." The Arbitration Agreement speaks for itself: it plainly encompasses each of the claims at issue in this lawsuit. *See Chiron Corp. v. Ortho Diagnostic Sys.*, Inc., 207 F.3d 1126, 1131 (9th Cir. 2000) (holding that an arbitration clause stating "[a]ny dispute, controversy or claim arising out of or relating to the validity, construction, enforceability or performance of this Agreement shall be settled by binding Alternate Dispute Resolution" left "little doubt" that the dispute was subject to arbitration).

Ms. Medina's Opposition to Circle K's Motion to compel Arbitration nonsensically contended that the existence of A.B. 51 resulted in this Action not being within the scope of the Arbitration Agreement. Ms. Medina was wrong then and is

even more wrong now.

First, A.B. 51 is dead. On February 15, 2023, the Ninth Circuit held that the FAA preempts A.B. 51. *Chamber of Commerce of the United States of America v Bonta*, F.4th, 2023 WL 2013326 (9th Cir. Feb. 15, 2023). The Court ruled that A.B. 51 created a burden to the formation of an arbitration agreement, and was preempted by the FAA, and therefore unenforceable. *Id*. This led to the issuance of a permanent injunction barring the statute from being invoked earlier this month. *Chamber of Commerce of the USA et al. v. Becerra et al.*, No. 2:19-cv-02456 (E.D. Cal. Jan. 1, 2024). Any arguments regarding A.B. 51 and its effect on the Arbitration Agreement are moot and any holding relying on it to deny Circle K its right to order compelling arbitration would violate the injunction.

If that is not enough, the Court can simply look to the text of the statute to conclude that Ms. Medina's argument makes no sense. There is nothing in A.B. 51 stating that Labor Code and Unfair Competition Law claims are not arbitrable as a matter of law as Ms. Medina so claims. The Ninth Circuit was clear: A.B. 51 was never even intended to "[regulate] the enforcement or validity of arbitration agreements" already entered into; instead, it was only meant to govern "pre-agreement" behavior. *Chamber of Commerce of the United States of America v. Bonta* 13 F.4th 766, 776 (9th Cir. 2021). The fact Ms. Medina entered into the Arbitration Agreement rendered A.B. 51 application to this dispute irrelevant even before a permanent injunction was issued against its application.

In short, Ms. Medina's reliance on A.B. 51 to support her contention that this Action does not fall within the scope of her Arbitration Agreement is a shallow argument that is devoid of any legal support.

**B. The Court Must Dismiss Ms. Medina's Claim That The Arbitration Agreement Is Unenforceable**

The Court's January 2, 2024, Order specifically limits the Parties' supplemental briefing to the issue of whether the terms of the Arbitration Agreement encompass this

dispute. Ms. Medina's previously asserted contention that the Arbitration Agreement is unconscionable concerns issues distinct from the scope of the agreement. As such, the Court should ignore any arguments that Ms. Medina will undoubtedly assert in this regard in her supplemental brief (it can also summarily ignore them for the reasons discussed in Section III(C) below).

To the extent the Court wants to consider the arguments on the merits, for the sake of brevity, Circle K will simply reincorporate its prior arguments denoted in its earlier briefing on the matter (Dkt. 8-1 pp. 3-7; 13 pp. 3-11) and highlight two additional issues that reinforces why she cannot meet ***her burden*** to establish the Arbitration Agreement as ***both*** procedurally and substantively unconscionable. *See Sanchez v. Valencia Holding Co., LLC,* 61 Cal. 4th 899, 928 (2015) ("Unconscionability has both a procedural and substantive element, and the party asserting the defense bears the burden of proving both by a preponderance of the evidence.")

First, Ms. Medina's deposition yielded indisputable facts that establish her argument on procedurally unconscionability grew even weaker. She previously argued the agreement was procedurally unconscionable because she was "pressured to quickly click through the on-boarding documents". Dkt. 11-1. Nonsense. In deposition, Ms. Medina admitted her manager escorted her to a room to complete the onboarding documents **by herself** and left the room while Medina reviewed the documents. Braham Decl. ¶ 2, Ex. A (Medina Depo.) at 39:23-41:17. Once again, Medina's own words in deposition paint quite the opposite picture than her counsel's words in her declaration – Ms. Medina was never pressured to do anything.

Second, the Arbitration Agreement does not waive Ms. Medina's right to seek public injunctive relief in violation of California law. For reasons discussed more thoroughly in Circle K's Reply Brief (Dkt. 13 pp. 10-12), Ms. Medina's substantive unconscionability argument lacks any merit, and it is in complete contradiction to controlling law holding that a class action waiver is enforceable. *See Epic Sys. Corp.*

*v. Lewis*, 138 S. Ct. 1612, 1621-1624 (2018) (holding that the FAA's savings clause did not provide a basis for refusing to enforce arbitration agreements waiving class and collective action procedures).

In short, Ms. Medina's erroneous claim that the Arbitration Agreement is unconscionable must be rejected.

**C. In Any Event, This Court Is Not The Appropriate Forum To Adjudicate Disputes On The Scope Of The Arbitration Agreement**

"Generally, in deciding whether to compel arbitration, a court must determine two 'gateway' issues: (1) whether there is an [enforceable] agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. ***However, these gateway issues can be expressly delegated to the arbitrator where 'the parties clearly and unmistakably provide otherwise.'***" *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citations omitted) (emphasis added). To the extent Ms. Medina resists the inevitable conclusion that this Action is covered by the Arbitration Agreement, then the Parties have a dispute over the scope of the Arbitration Agreement. An order compelling arbitration still must be issued because Circle K's Arbitration Agreement calls for an arbitrator, not the Court, to resolve this second gateway issue.

Noteworthy is the fact Circle K's Arbitration Agreement incorporates AAA's rules. Specifically, Paragraph 3.c. of the Arbitration Agreement says, "arbitration will be conducted in accordance with the applicable rules of the AAA." Paragraph 2.c. also recognizes the AAA rules and "the general grant of authority to the arbitrator." (*See* Dkt. 8-2, pp. 7). Case law is clear: "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability [of the dispute]." *Id.* This encompasses both disputes on scope and disputes on enforceability. *Id*.

Accordingly, any actual dispute between the Parties over whether this Action is covered within the scope the Arbitration Agreement (as noted above there can be no reasonable dispute) or whether it is unconscionable (it is not), is a dispute that must be

left for the arbitrator to resolve, not this Court. *See Rent–A–Center, West, Inc. v. Jackson,* 561 U.S. 63, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010).

## IV. CONCLUSION

As set forth herein, Circle K respectfully requests that the Court find that the claims Ms. Medina alleges are all encompassed within the Arbitration Agreement and issue an order compelling Ms. Medina to arbitrate her claims.

Dated: January 17, 2024

**MCDERMOTT WILL & EMERY LLP**

By: */s/ Christopher Braham*
MARIA RODRIGUEZ
CHRISTOPHER BRAHAM
ASHLEY ATTIA
Attorneys for DEFENDANT CIRCLE K STORES, INC.