JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-0557 JGB (DTBx)** | Date | February 8, 2024 |
|---|---|---|---|
| Title | *Elise Medina v. Circle K Stores, Inc. et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendant's Motion to Compel Arbitration (Dkt. No. 8); and (2) DISMISSING the Action (IN CHAMBERS)

Before the Court are Defendant Circle K Stores, Inc.'s motion to compel arbitration ("MTC," Dkt. No. 8) and motion for reconsideration ("MTR," Dkt. No. 41). The Court determines the Motion is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of and opposition to the Motion, the Court **GRANTS** the MTC, **COMPELS** arbitration, and **DISMISSES** the action.

## I. BACKGROUND

On January 13, 2022, Plaintiff Elise Medina ("Plaintiff" or "Ms. Medina") filed a class action in the Superior Court of California, County of San Bernardino against Defendant Circle K Stores, Inc. ("Defendant" or "Circle K"). ("Complaint," Dkt. No. 1, Ex. A.) The class action asserts nine causes of action: (1) failure to provide meal periods or premium pay in violation of Cal. Labor Code §§ 226.7, 512; (2) failure to pay minimum wages in violation of Cal. Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1; (3) failure to pay overtime in violation of Cal. Labor Code § 510; (4) failure to provide suitable and adequate seating in violation of Cal. Labor Code § 1198; (5) failure to reimburse business expenditures in violation of Cal. Labor Code § 2802; (6) failure to provide timely and accurate itemized wage statements in violation of Cal. Labor Code § 226; (7) waiting time penalties in violation of Cal. Labor Code §§ 201-203; (8) unlawful business practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; and (9) failure to furnish Plaintiff's records in violation of Cal. Labor Code §§ 1198.5, 432, and 226. (Complaint.)

On April 1, 2022, Circle K removed to this Court alleging jurisdiction under the Class Action Fairness Act ("CAFA"). ("Notice of Removal," Dkt. No. 1, ¶ 3.) On April 8, 2022, Circle K filed the motion to compel arbitration (Dkt. No. 8), which the Court denied on May 5, 2022. ("Order," Dkt. No. 14.) On May 19, 2022, Circle K filed a first motion for reconsideration. (Dkt. No. 15.) On September 7, 2022, the Court denied the first motion for reconsideration. (Dkt. No. 32.)

Circle K filed its second MTR on December 11, 2023. (MTR.) On January 2, 2024, the Court granted the MTR, finding that the arbitration agreement is valid. ("MTR Grant," Dkt. No. 45.) However, before deciding whether to compel arbitration and grant the original MTC, the Court ordered supplemental briefing on the issue of whether the arbitration agreement encompasses the relevant dispute. (Id. at 8.)

On January 17, 2024, Circle K filed its supplemental brief. ("Circle K Supp.," Dkt. No. 46.) Ms. Medina filed her supplemental brief on January 31, 2024. ("Medina Supp.," Dkt. No. 47.) In her supplemental brief, Ms. Medina states that she does not oppose Circle K's MTC. (See Medina Supp.)

## II. LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides that contractual arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA establishes a general policy favoring arbitration agreements. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011); Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) ("Section 2 of the FAA creates a policy favoring enforcement of agreements to arbitrate."). Its principal purpose is to "ensure that private arbitration agreements are enforced according to their terms." Concepcion, 563 U.S. at 334 (citing Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ., 489 U.S. 468 (1989) (internal quotation marks omitted)). "Arbitration is a matter of contract, and the [FAA] requires courts to honor parties' expectations." Id. at 351.

Under the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such an arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. Id. If such a showing is made, the district court shall also stay the proceedings pending resolution of the arbitration at the request of one of the parties bound to arbitrate. Id. § 3. On a motion to compel arbitration, a district court's involvement is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Cox, 533 F.3d at 1119 (quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)). A party seeking to compel arbitration under the FAA bears the burden of making this showing. Id.

### III.  DISCUSSION

In its MTR Grant, the Court found that there is a valid arbitration agreement between Ms. Medina and Circle K.  (See MTR Grant.)  Circle K argues that the arbitration agreement encompasses all of Ms. Medina's claims.  (See Circle K Supp.)  Ms. Medina's supplemental brief states that she does not oppose Circle K's argument or MTC, given the Court's MTR Grant and a recent Ninth Circuit case, Chamber of Commerce of the United States v. Bonta, 62 F.4th, 473, 478 (9th Cir. 2023), which was decided after Circle K filed its MTC.  (See Medina Supp.)  Accordingly, the Court **GRANTS** Circle K's MTC and **COMPELS** Ms. Medina to arbitrate her claims.

In its MTC, Circle K argued that the Court should dismiss Ms. Medina's action if it found that the arbitration agreement was valid and enforceable.  (MTC at 7.)  Ms. Medina makes no arguments to the contrary (e.g., that the Court should instead stay her case) in either her original opposition to the MTC or supplemental briefing.  (See Dkt. No. 11; Medina Supp.)  As such, she concedes this argument.  Caravan Canopy Intl, Inc. v. Home Depot U.S.A., Inc., 2021 WL 831028, at *3 (C.D. Cal. Feb. 25, 2021) ("Plaintiff does not address this argument, and arguments to which no response is supplied are deemed conceded.").  The Court has discretion to dismiss, rather than stay, an action if all claims are subject to arbitration, as is the case here.  Forrest v. Spizzirri, 62 F.4th 1201, 1204-05 (9th Cir. 2023) ("[T]he district court had discretion to dismiss Plaintiffs' suit because the parties agreed that all claims were subject to arbitration.") (quoting Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1074 (9th Cir. 2014)).  Accordingly, the Court **DISMISSES** the action without prejudice.

### IV.  CONCLUSION

The Court **GRANTS** Circle K's motion to compel, **COMPELS** Plaintiff to arbitrate her claims, and **DISMISSES** the action.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**